UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
LIVE NATION                          )
MERCHANDISING, INC.                  )
a Delaware corporation,              )
                                     )
            Plaintiff,               )   CIVIL ACTION NO.
vs.                                  )
                                     )
JOHN DOES 1-100, individuals,        )
JANE DOES 1-100, individuals,        )
and XYZ COMPANY, business            )
entity form unknown, inclusive,      )
                                     )
            Defendants.              )
_____)

# COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT AND TRADEMARK INFRINGMENT

Plaintiff Live Nation Merchandising, Inc., by its attorneys, files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1.  This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

2.  Live Nation Merchandising, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in San Francisco, California.

3.  Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are

unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the District of Massachusetts and is or will be subject to the jurisdiction of this Court.

6. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

7. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

8. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performing artists and groups, including tour and program books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Merchandise") which embody the names, likenesses and trademarks of various musical performers and groups.

9. The group known as "**U2**" (the "Group"), is the trademark used by this musical group in connection with their performing, recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish their services from all other such artists. The Group has used their mark in connection with their

recording and performing services for over 30 years. The Group has obtained for its "**U2**" trademark US Federal Trademark Registration Number 1550756 for use in connection with International Class ("IC") 25, for clothing, namely for T-Shirts, sweat shirts, jackets and caps;  IC 16, for paper goods and printed matter, namely for posters , decals, bumpers stickers, magazines and trading cards;   and IC 9, for phonograph records and pre-recorded audio tapes, and Federal Registration Number 1820220 for use in connection with IC 041, entertainment services; namely, live performances by a vocal and instrumental group.  These marks have become incontestable.

10. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all federally registered trademarks, service marks, likenesses and logos of the Group (collectively, the "Group's Trademarks") on and in connection with Merchandise ("Tour Merchandise") sold and offered for sale in the vicinity of the Group's concerts on their present North American concert tour (the "Tour").

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, Canada, and throughout the world and the Group been seen and heard in concert by millions of popular music enthusiasts. Previous tours by the Group were attended by hundreds of thousands of people. The Group is so popular that many performances for the Tour are nearly sold out.  The Group has sold over 50 million units of recordings.

12. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise bearing any or all of the Group's Trademarks.

13. Plaintiff and the Group annually realize substantial income from the sale of the Tour Merchandise bearing the Group's Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

14. On September 20 and 21, 2009, at the Gillette Stadium in Foxboro, Massachusetts, the Group will perform (the "Concerts").

15. Pursuant to the Agreement, the Group has granted to Plaintiff the exclusive right to market articles of clothing and other Tour Merchandise bearing any or all of the Group's Trademarks at or near the site of the Concerts and at all other arenas and stadiums in which the Tour will perform. The authorized Tour Merchandise bearing any or all of the Group's Trademarks will be distributed throughout the United States in connection with the Tour.

## **DEFENDANTS' UNLAWFUL CONDUCT**

16. On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concert before, during and after their performance, and at subsequent concerts during the Tour. Defendants have already begun selling the Unauthorized Merchandise.

17. The Unauthorized Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized by the Group or Plaintiff.

18.     The Unauthorized Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Group which has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and its Tour Merchandise.

19.     The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true. It also injures Group and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

20.     The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the names, trademarks and/or likenesses of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

21.     Upon information and belief, Defendants and others have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

22.     Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (Violation of the Lanham Act)

23. Plaintiff realleges each allegation set forth in the paragraphs above.

24. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

## SECOND CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

25. Plaintiff realleges each allegation set forth in the paragraphs above.

26. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Live Nation Merchandising, Inc. seeks relief against Defendants as follows:

A.   As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them

6

is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

      B.    As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Group is performing, whether this occurs before, during or after the concerts on the Tour.

      C.    That Defendants deliver up for destruction any and all Unauthorized Merchandise.

      D.    As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

      E.    As to All Claims For Relief, that Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

Dated: September 9, 2009

Respectfully Submitted
LIVE NATION MERCHANDISING, INC.
By Its Attorneys

/s/ M. Lawrence Oliverio
Rissman, Hendricks & Oliverio LLP
100 Cambridge Street, Suite 2101
Boston, Massachusetts 02114
Tel: (617) 367-4600; Fax: (617) 367-4656

Cara R. Burns, Esq. (Cal. Bar # 137557)
Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Suite 350
Santa Monica, California 90405
Tel: (310) 314-1721; Fax: (310) 314-1725